## SIMPSON v. EPPINGER.

(Supreme Court, Appellate Term, First Department. December 14, 1914.)

1. LANDLORD AND TENANT (§ 169*)—ACTIONS FOR INJURIES—SUFFICIENCY OF COMPLAINT.

In an action against a landlord for injuries to a servant of his tenant, a complaint alleging that the landlord caused a hole to be made in the ceiling of the apartment occupied by the tenant for the purpose of doing repair work, which rendered the apartment dangerous to its occupants, and that while plaintiff was in the kitchen of such apartment a portion of the ceiling fell upon her, through defendant's negligence and without any fault on her part, was insufficient, and entitled defendant to judgment on the pleadings, since it did not show that the falling of the ceiling was caused by the hole, or even that the hole was in the ceiling of the kitchen.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. § 169.*]

2. LANDLORD AND TENANT (§ 165*)—LIABILITY FOR INJURIES FROM DANGEROUS OR DEFECTIVE CONDITIONS.

A landlord was not liable for an injury to his tenant's servant, caused by the falling of the ceiling of the leased apartment, unless the defective ceiling was a nuisance created by him, or was under his control, so as to give rise to a duty in him to keep it in repair and in safe condition.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630, 631, 633–637, 640, 641; Dec. Dig. § 165.*]

Appeal from City Court of New York, Special Term.

Action by Ella Simpson against Jesse I. Eppinger. From an order denying his motion for judgment on the pleadings, defendant appeals. Reversed, and motion granted.

Argued December term, 1914, before GUY, PAGE, and BIJUR, JJ.

Safford A. Crummey, of New York City, for appellant.

David M. Fink, of New York City (Jacquin Frank, of New York City, of counsel), for respondent.

PAGE, J. This is an action against a landlord to recover damages for injury to a servant of his tenant, caused by the falling of a ceiling in the apartment of the tenant. The complaint alleges in paragraph fourth:

"That the defendant, prior to the 19th day of August, 1911, caused a hole to be made in the ceiling of the apartment occupied by plaintiff's employer, for the purpose of doing some repair work, which rendered said apartment dangerous to the life and limb of its occupants. * * *"

And in paragraph fifth:

"That on or about the 19th day of August, 1911, while said plaintiff was in the kitchen of the apartment aforesaid, suddenly, without any fault on her

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

part, and wholly and solely through the negligence of the defendant, his agents, servants, and employés, a portion of the said ceiling fell down and upon plaintiff, severely injuring her."

[1, 2] It is clear, as a matter of law, that the defendant would not be liable for injury to the plaintiff by reason of the falling of the ceiling, in the absence of allegation and proof that the defective ceiling was a nuisance created by the defendant, or that it was under his control in such a manner as to give rise to a duty in the landlord to keep it in repair and in safe condition. The plaintiff recognizes this rule of law, and relies upon "active and culpable negligence on the part of the defendant in entering the apartment and making a hole in the ceiling." I am of the opinion, however, that the facts alleged in the complaint do not sufficiently connect the alleged falling of the ceiling with the hole created by the defendant to charge the defendant with liability for the injury. It is alleged that the ceiling in the kitchen of the apartment of plaintiff's employer fell, but it is not alleged that the hole was in the ceiling of the kitchen, nor that the falling of the ceiling was caused by the hole. While every necessary inference should be indulged in to support the complaint, we may not infer facts which are not stated and which may or may not be true.

The order appealed from should be reversed, with $10 costs and disbursements, and the defendant's motion for judgment on the pleading granted, with $10 costs, with leave to the plaintiff to amend his complaint within six days after service upon his attorney of notice of entry of an order herein upon payment of said costs. All concur.